Michael C. Shaw, # 014044
Michael C. Shaw, P.L.L.C.
401 West Baseline Road
Suite 210
Tempe, Arizona 85283
Telephone: (480) 921-7545
E-mail: mcareyshaw@yahoo.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **John Lehman,** an individual, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **S R Financial Services,** a California company | (Jury Trial Demanded) |
| **Trans Union, L.L.C.,** a Delaware limited liability company; and **Equifax Information Services LLC,** a Georgia limited liability company, | |
| Defendants. | |

Upon information and belief, and in good faith, Plaintiff, John Lehman, alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

**Jurisdiction**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §§

1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**Parties**

3. Plaintiff, John Lehman, is a resident and citizen of the State of Arizona. Plaintiff is a "consumer" as defined by FCRA § 1681a(c) of the FCRA.

4. Defendant S R Financial Services, (hereinafter "S R") is a California corporation registered to do business in California, with its principal place of business located at 680 8th St., Ste. 230a, San Francisco, California, 94103-4950

5. Defendant Trans Union, LLC (hereinafter "T.U.") is a Delaware corporation registered to do business in Arizona, with its principal place of business located at 555 W. Adams, Chicago, IL. 60661.

9. T.U. is a both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

10. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia corporation registered to do business in Arizona, with its principal place of business located at 1550 Peachtree St. NW, Atlanta, GA. 30309.

11. Equifax is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

**Factual Allegations**

12. In December, 2006, Plaintiff noted that two of his credit bureau profiles ( Equifax and T.U.) were reporting him as delinquent in an outstanding loan due and owing to S R that had been obtained from Chevy Chase Bank.

13. Plaintiff contacted S R, and explained that he could not be delinquent, as he never had any account with Chevy Chase Bank.

14. Plaintiff was afforded no assistance by S R, despite his numerous requests to correct

its erroneous status.

15. Plaintiff then disputed, in writing, the inaccuracy with the two credit bureaus (Equifax and T.U.).

16. On December 15, 2006 Equifax notified Plaintiff that it had conducted its reasonable investigation on the account (account #54113...) and found that the S R account was in fact, being reported correctly, and was the property of Plaintiff.

17. On or about December 26, 2006, T.U. notified Plaintiff that it had conducted its reasonable investigation and that the account (account #54113xxx) was "verified, no change" by S R, and continued to list the account as a collection account, due and owing to S R.

19. In response to Plaintiff's dispute(s), upon information and belief, Equifax, and T.U. merely parroted that which was told to them by S R, and verified that the account was correctly being reported as Plaintiff's account and owing to S R..

21. As a direct result and proximate cause of Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

22. As a direct result and proximate cause of T.U.'s continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

## Causes of Action

### Fair Credit Reporting Act

23. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

1  24. S R failed to conduct a reasonable investigation of Plaintiff's disputes, and
2  otherwise failed to comport with FCRA § 1681s-2(b).
3  25. As a result of S R's actions, Plaintiff has been damaged.
4  26. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with
5  any requirement imposed under the FCRA with respect to any consumer is liable to that
6  consumer in an amount equal to the sum of (1) any actual damages sustained by the
7  consumer as a result of the failure and (2) in the case of any successful action to
8  enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with
9  reasonable attorneys' fees.
10 27. As a result of S R's negligent failure to comply with the FCRA, it is liable to
11 Plaintiff in an amount equal to the sum of (1) any actual damages sustained by
12 Plaintiff as a result of said failure and (2) the costs of this action together with
13 reasonable attorneys' fees.
14 28. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any
15 requirement imposed under the FCRA with respect to any consumer is liable to that
16 consumer in an amount equal to the sum of (1) any actual damages sustained by the
17 consumer as a result of the failure or damages or not less than $100.00 and not more
18 than $1,000.00; (2) such amount of punitive damages as the Court may allow; and (3) in
19 the case of any successful action to enforce any liability under 15 U.S.C. § 1681n,
20 the costs of the action together with reasonable attorneys' fees.
21 29. As a result of S R's willful failure to comply with the FCRA, it is liable to Plaintiff
22 in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result
23 of the failure or damages of not less than $100.00 and not more than $1,000.00 for each
24 such violation; (2) such amount of punitive damages as the Court may allow; and (3) the
25 costs of this action together with reasonable attorneys' fees.
26 34. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any

requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

36. T.U. failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

37. T.U. failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

38. T.U. has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

39. T.U. has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

40. As a result of T.U.'s actions, Plaintiff has been damaged.

41. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable

attorneys' fees.

42.  As a result of T.U.'s negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

43.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

44.  As a result of T.U.'s willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

45.  Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

46.  Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

47.  Equifax has continually added, stored, maintained and disseminated personal and

credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

48. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

49. As a result of Equifax's actions, Plaintiff has been damaged.

50. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

51. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

52. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

53. As a result of Equifax's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff

as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against each Defendant for:

a) Actual damages in an amount to be shown at trial;

b) Statutory damages pursuant to FCRA § 1681n;

c) Punitive damages pursuant to FCRA § 1681n;

d) Costs and reasonable attorney's fees; and

e) Such other relief as may be just and proper.

DATED __April 10, 2007__.

**MICHAEL C. SHAW, P.L.L.C.**

S/Michael C. Shaw
_____
Michael C. Shaw, # 014044
401 West Baseline Road
Suite 210
Tempe, Arizona 85283
Telephone: (480) 921-7545
Fax: (480) 897-2585
E-mail: mcareyshaw@yahoo.com

Attorney for Plaintiff